# Scott versus Scott.

1. Where the record shows that a poll of a jury in a civil case was taken at the request of one of the parties before the verdict was recorded, it will be presumed that this was done by permission of the court, as it has the power to do this.

2. Whether a court is bound to permit a poll of a jury at the request of one of the parties to a civil suit, not decided.

3. A party who complains that a recorded verdict is void, may call it a verdict without being estopped from denying its validity.

4. A juror has a right to dissent from a verdict before it is recorded, whether the jury is polled or not; and if he does so dissent, there is no valid judgment.

5. Where the record shows that a jury returned a written verdict for defendant, that they were then polled and eleven answered that they found for the defendant and one that he was for the will, i. e., for the plaintiff.   Held, that it was error to enter judgment on this verdict.

June 2d, 1885.   Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.   PAXSON, J., absent.

[Scott *v.* Scott.]

ERROR to the Court of Common Pleas of *Fulton county :* Of May Term 1885, No. 6.

This was a feigned issue to test the validity of the will of Francis Scott, deceased, wherein Henry W. Scott, named as executor in the alleged will, was plaintiff, and Mary E. Scott, guardian of William H. Scott and Nelly Mary Scott, minor grandchildren and heirs of Francis Scott, deceased, was defendant.

The issue was tried before McCLEAN, P. J., who submitted the case to the jury on Saturday, April 20th, 1884, and instructed them that, in case they agreed upon a verdict when the court was not in session, they should seal the same and separate.

On the following morning the jury came into court and the foreman delivered the sealed verdict to the prothonotary, which read as follows: "Verdict for defendant, Mrs. Mary E. Scott, defendant," followed by the signatures of the jurors. When this paper was read, counsel for plaintiff immediately demanded a poll of the jury, whereupon the prothonotary proceeded to poll the jury, recording the vote of each upon the written verdict which had been handed him. The result was that eleven jurors declared for the defendant and one declared "that he was in favor of the will"—that is, for the plaintiff.

The court ordered the prothonotary to enter the verdict as it appeared on the paper submitted by the foreman. The following is the record: "April 21st, 1884. Verdict for defendant. At the quest of Att'y Smith, jury polled, and eleven jurors say they find for the deft., and one juror says that he was in favor of the will."

Plaintiff filed a motion in arrest of judgment, which the court overruled, and then entered judgment on the verdict.

Plaintiff thereupon took this writ, assigning for error (1) the action of the court in overruling the motion in arrest of judgment, and (2) the entering of judgment on the verdict.

*John Stewart (J. A. Robinson* and *G. A. Smith* with him), for plaintiff in error.—The concurrence of twelve minds is essential to a verdict, and this concurrence must exist at the time the verdict is delivered in court and recorded. "There is no verdict of any force but a public verdict given openly in court:" 3 Black. Com., 377.

It is not sufficient that the twelve jurors have come to an agreement in the room, nor is their verdict completed by each juror subscribing his name to the finding agreed upon, nor is the delivery to the court by the foreman of the paper so subscribed a legal expression of the concurrence that is required. It is not a public verdict until openly and publicly received

[Scott v. Scott.]

from the jury and recorded; until discharged by the court, the right to demand a poll exists, so that each juror may be examined separately, may affirm or deny his assent to the verdict as delivered by the foreman and recorded by the court. If there be any dissent from the verdict as announced, it destroys it, and none recorded: Dornick v. Reichenback, 10 S. & R., 90; Walters v. Junkins, 16 Id., 415; Root v. Sherwood, 6 John. Rep., 68.

A verdict is not recognized as final until pronounced and recorded in open court: Dyer, 204 E; Plowden, 209; Saunders v. Freeman, Co. Litt., 227 E.

*R. Milton Speer* (*J. Nelson Sipes* with him), for defendant in error.—A motion in arrest of judgment, in general, affirms the verdict: Hilliard on New Trials, 17 & 37; Shrewsbury v. Smith, 12 Ind., 317; Chrisman v. Melne, 6 Id., 487; McComas v. State, 11 Mo., 116.

Plaintiff's second assignment affirms that there is a verdict. If there is, judgment ought to have been entered on it. The record entry is, "April 21st, 1884, verdict for defendant, Mrs. Mary E. Scott, Defendant." After this verdict was recorded, an attempt to poll the jury was made by the plaintiff's attorney. Even if the right to a poll of the jury exists in civil cases, the request here came too late, according to all the authorities: Com'th v. Tiwtchell, 1 Brews., 588; Willard v. Shaffer, 6 Phila., 520.

The polling was not by order of the court, and hence not a part of the record, by which alone this court will be governed. Moreover, it seems that a suitor in a civil case has not a right to a poll of the jury; it is discretionary with the court: Byrne v. Grossman, 15 P. F. S., 310.

Mr. Justice TRUNKEY delivered the opinion of the court, October 5th, 1885.

"April 21st, 1884, verdict for defendant. At·request of Att'y Smith, jury polled and eleven jurors say they find for the defendant, and one juror says he was in favor of the will." June 10th, 1884, judgment entered on the verdict. The sole question is, whether the record sets out a valid judgment. None of the facts without the record is at all material, however persuasive such facts may be that the defendant will suffer hardship if the judgment falls. Here, the record must be taken as it has been made and certified; it must so stand, though it differ from the statements by either party.

Nor is there occasion to decide the mootable question, whether, in the trial of a civil cause, the court is bound to permit a poll of the jury on request by one of the parties. At request

.of the attorney for defendant, the jury were polled, and it is undeniable that the court had power to permit the poll. In argument it was urged that the allowance of the poll of the jury was discretionary with the court. This point was not decided in Byrne *v.* Grossman, 65 Pa., St., 310, but the Chief Justice expressed his individual opinion against the right. The court below were not bound by that dictum—they may have adopted the view of the Supreme Court of New York, in Fox *v.* Smith, 3 Cowen 23, when it was ruled that the jury may be polled at the request of either party at any time before the verdict is recorded, whether it be sealed, or is oral. One of the judges remarked, " Conceding that the judge may order the jury polled seems to give the party a right to insist on it."

The second assignment of error is, " The court erred in ordering judgment to be entered on the verdict." It is said by the defendant that " this assignment affirms that there is a verdict," and therefore the judgment was rightly entered. Less than the twelve jurors cannot render a verdict; the finding of a majority is not a verdict, yet it may be called a verdict and declared void. Thus, "If there be eleven agreed, and but one dissenting, who says he would rather die in prison, yet the verdict shall not be taken by eleven, no, nor yet the refuser fined or imprisoned; and therefore, when such a verdict was taken by eleven, and the twelfth fined and imprisoned, it was, upon great advice, ruled that the verdict was void:" Bacon's Abr. Tit. Juries, G. And in the note such void verdicts are spoken of as verdicts. A party who complains that a recorded verdict is void, may call it a verdict without danger of being estopped from denying its validity.

"After the verdict recorded the jury cannot vary from it, but before it be recorded they may vary from the first offer of their verdict, and that verdict which is recorded shall stand; also they may vary from a privy verdict:" Coke upon Litt. 227, b. This rule is simlar to that expressed in Dornick *v.* Reichenback, 10 S. & R., 84, where it is noted that neither a privy verdict nor a sealed verdict is recorded, and if filed or preserved it would form no part of the record; that the jury may depart from either, and their finding in court is what decides the rights of the parties, and what is admitted of record. See Walters *v.* Junkins, 16 S. & R. 414.

Nothing within this record shows that the jury were polled after the recording of the verdict. The record shows that the jury rendered a verdict for defendant, were polled, and thereupon eleven answered that they found for defendant, and one that he was in favor of the will. All this is recorded as a con-

tinuous act, and as having been done in the usual order of transacting business in court. We have duly considered the comment of counsel on the answer of the one juror, that he "was in favor of the will." Clearly, he did not assent to the verdict at the poll. Of course, had the learned president judge been present, the verdict of eleven jurors would not have been entered on the record. Unless all the jurors were agreed, he would have discharged them because of their disagreement. Whether polled or not, one of the jurors, before the verdict was recorded, had a right to dissent, and if he did, there was no valid verdict. The proceeding in court, being fully set out on the record, shows that the judgment has been entered on the verdict of eleven jurors.

Judgment reversed and <em>venire facias de novo</em> awarded.