Snaman *v.* Donahoe's Incorporated, Appellant.

Argued March 18, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*O. K. Eaton,* with him *Jacob A. Markel,* for appellant. —Where a juror dissents from a sealed verdict, the same jury is thereafter rendered incompetent to find a verdict: Dornick v. Reichenbank, 10 S. & R. 84; Wolfron v. Eyster, 7 Watts 38; Columbia Glass Co. v. Glass Co., 43 Pa. Superior Ct., 367; Blake v. Hunsberger, 46 Pa. Superior Ct. 32; Rottmund v. R. R., 225 Pa. 410; Reitenbaugh v. Ludwick, 31 Pa. 131; Kramer v. Kister, 187 Pa. 227; Beecher v. Newcomer, 46 Pa. Superior Ct., 44; Hitz v. Baron Bros., 4 Pa. D. & C. 686.

It was error to instruct the jury that it was not a matter of conscience but a matter of judgment: Miller v. Miller, 187 Pa. 572.

*Thomas M. Marshall, Jr.,* with him *Daniel S. Horne* and *Henry X. O'Brien.*—We admit that the juror did say something about, "It is a matter of conscience with me," but the matter is not properly on the record because no application was made, as stated, for over seven months thereafter: Com. v. Tauza, 300 Pa. 375, 380; Com. v. Shoemaker, 240 Pa. 255.

Failure to dismiss the jury after partial separation was error: Bradwell v. Ry., 139 Pa. 404; Com. v. Ford,

86 Pa. Superior Ct. 483; Mastel v. Walker, 246 Pa. 65, 66; Merritt v. Poli, 236 Pa. 170.

OPINION BY MR. JUSTICE LINN, April 27, 1932:

It is well established that a party may waive, or will be held to have waived, the right to assert that error in a trial was harmful. If, instead of objecting to action of the trial court in time to avoid erroneous ruling, a party remains silent and takes his chances with the jury, he will not generally be permitted to assert, after a disappointing result, that he is entitled to another trial in which he may object. Illustrations of the application of the rule are given in a note at the foot of this opinion. The record calls for the application of that rule.

Plaintiff brought assumpsit to recover fees for services as architect. The primary issue was whether defendant had promised plaintiff a maximum of $25,000 for his services, or 10% of the cost of the structure (which was over $500,000). Plaintiff had received $25,000, and sued for the balance. After a trial lasting three weeks, the case was submitted to the jury in a charge taking up more than fifty printed pages of the record; neither party excepted. After deliberating for some time, the jury requested and received additional instruction "on facts concerning the verbal contract of 10% . . . . . ." The next morning, April 23d, when court convened, the learned trial judge asked whether the jury had agreed and was advised by the foreman that a sealed verdict had been prepared. Before the seal was broken, the judge inquired whether all the jurors had joined in the verdict: juror number 6 replied that she had not. After a short colloquy, the judge said "The jury will have to retire again"; to that, juror No. 6 said, "That is perfectly all right with me." Juror No. 7 then stated "We have come in contact with the outside world since arriving at this decision and I don't think we can go back." The judge however directed the jury to continue its de-

liberation. Later in the day, a verdict for the plaintiff for $30,197 was returned and was recorded.

During the proceedings just described, defendant was represented by counsel who was in court, and who was cognizant of the facts, but he made no objection to the order of the court directing the jury to continue its deliberation, or, subsequently, to receive and record the verdict. On April 25, defendant moved for a new trial, assigning, as one of the reasons, that after the jury had agreed to a sealed verdict on the night of April 22, one of the jurors went to his home, and the others were not kept in charge of a court officer; that the separation disqualified them from again deliberating on April 23d, and that the verdict then reached and recorded was illegal.

On November 5th a new trial was refused. On December 4th a petition was filed by the defendant for a rule to show cause why defendant should not be permitted to take testimony on the alleged separation of the jury on the night of April 22d during its deliberation and prior to rendering the verdict that was recorded, and why the proposed testimony should not be made part of the record. The petition was dismissed January 13, 1932, on the ground that "it is not averred or claimed that there was any conversation with anyone about the case between any of the jurors or any other person. The fact of the separation was conceded by counsel for the plaintiff. The remark by juror No. 7 evidently made after something was said about the jury being sent back, 'We have come in contact with the outside world since arriving at this decision and I do not think we can go back' does not suggest any talk proper or improper." The fact of separation, in the respect indicated, is therefore in the record.

The origin and practice of allowing the jury to seal a verdict and then to separate was considered in Kramer v. Kister, 187 Pa. 227, 233, 40 Atl. 1008. The only verdict is that which the jury announces orally in court and

which is received and recorded at the direction of the court as the finding of the jury. When it appeared by the announcement of juror No. 6 that she had not agreed, there was no verdict. There was no suggestion that the jury could not agree, and, for that reason, desired to be discharged. No question of coercion is presented.

In the circumstances, we cannot review the complaint that there was unauthorized or improper separation of jurors, though we adhere to the rule stated in Kramer v. Kister (supra) that "After the retirement of the jury to consider their verdict, this indulgence [permitting separation] terminates, and they are kept together and apart from others until verdict rendered." Defendant is not in position to complain, a conclusion firmly based on the fact that no objection was made either when the point first presented itself, or later when the jury was directed to retire for further deliberation, or later yet when the jury came in to deliver its verdict. We also note that there is nothing to indicate that what was intended to be the sealed verdict differed from the verdict ultimately recorded. If, toward the close of the protracted trial, the course proposed and, in fact, pursued by the learned trial judge, was deemed objectionable either by plaintiff or defendant, such objection should have been promptly asserted; without objection, it must be understood, and the trial judge was warranted in understanding, that each side acquiesced in what was being done and waived possible objection, content to take the chance of the verdict that might thereafter be returned. This conclusion is not inconsistent with Kramer v. Kister, supra; or Beecher v. Newcomer, 46 Pa. Superior Ct. 44; see, too, Bradwell v. Ry. Co., 139 Pa. 404, 20 Atl. 1046; Rottmund v. P. R. R. Co., 225 Pa. 410, 415, 74 Atl. 341; Blake v. Hunsberger, 46 Pa. Superior Ct. 32; Columbia Glass Co. v. Atlantic Co., 43 Ibid. 367; DiSanto v. Alper, 99 Ibid. 46.

But little need be added on the other point presented. We all agree that what was said by one of the jurors,

and by the court in consequence of the juror's remark during the colloquy between the judge, the counsel and several of the jurors, had to do with conscientious performance of their duty by the jurors, and was not intended, and could not have been understood, to instruct the jury that a verdict could be rendered otherwise than by conscientious consideration of the evidence in the light of the charge of the court.

Judgment affirmed.

---

Note.—The following are among many familiar instances that may be mentioned in which omission to assert a right is treated as waiver of the right; or, what is the same in effect, in which a party has suffered a record to be made up without bringing himself within the rules established for review; the court may, of course, notice error not assigned, whether fundamental or not, pursuant to Rule 37. Assignment dismissed for failure to object and except: Bradwell v. Ry. Co., 139 Pa. 404, 410, 20 Atl. 1046; general rule is, error cannot be assigned of what was not said, without request so to charge: Mastel v. Walker, 246 Pa. 65, 71, 92 Atl. 63; failure to correct inadvertent misquotation of testimony on material point: Com. v. Razmus, 210 Pa. 609, 611, 60 Atl. 264; even a general exception will not reach such error: Act of May 24, 1923, P. L. 439; assignment of error violating rules: Messina v. DiVenti, 100 Pa. Super. Ct. 379; omission to include point for review in statement of questions involved: Schline v. Kine, 301 Pa. 586, 590, 152 Atl. 845; right of appeal is waived unless expressly reserved in case-stated: Pinkney v. Erie R. R. Co., 266 Pa. 566, 109 Atl. 700.