Eastley, Appellant, *v.* Glenn.

Argued September 29, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*James J. Lawler,* with him *Charles B. Prichard,* for appellant.

*Frank K. Willmann,* for appellee.

OPINION BY MR. JUSTICE KEPHART, November 27, 1933:
The jury retired about three o'clock on a Friday afternoon to deliberate on the verdict. At five o'clock they reached·a conclusion, sealed their verdict and left for their homes. The following Monday morning, they returned and the paper on which the verdict was written was inspected by the trial judge, handed to the clerk, who stated in the usual form: "Members of the Jury, hearken to your verdict as the court has recorded it; in this issue joined [naming the parties], you say you find a verdict for the defendant and so say you all?" There was no dissent. Counsel for appellant then moved that the jury be polled, whereupon each juror was asked, "Do

you say in this case of Eastley v. Glenn, for the plaintiff or defendant?" Two of the jurors answered, "Plaintiff."

After some discussion which then took place, the trial judge stated that it had been reported that these two jurors indicated they had voted for plaintiff. They were asked, "Is that correct?" Both replied: "Yes, sir." The court then inquired of other jurors how these two ladies had voted in the jury room, and the reply, given in the presence of these two jurors and without explanation from them, was to the effect that they had both thought the two parties to the suit were negligent, but they thought Mr. Eastley should be awarded something. However, "under the judge's charge we could not do that, just give him damages and not the other." The judge then directed that the jury return to the assignment room, and as defendant's counsel was not present, the trial court directed he be notified. On his arrival the jury was again brought before the trial judge. Though no reporter was present to record the statements which were there made by the women, the opinion of the court below sets forth the result of the discussion; it states: "One of them again said that they had agreed to the verdict and her statement was to the effect that they did not understand the situation in the trial room. ...... In the assignment room they did not express any dissent from the verdict.

"The trial judge directed that the verdict should be recorded." Plaintiff's counsel excepted to the verdict and plaintiff appeals from the order entering it.

As the trial judge intimated, the reception of the verdict was irregular. Reading the verdict slip with the prefix, "......hearken to your verdict as the court has recorded it," followed by an oral dissent, with or without poll, by a member of the jury before dismissal, is not returning or recording a verdict as is required by law. When a jury is polled, as stated in Snaman v. Donahoe's, Inc., 307 Pa. 282, 285: "The only verdict is that which the jury announces orally in court and which is received

and recorded at the direction of the court as the finding of the jury." To the same effect is Rottmund v. P. R. R. Co., 225 Pa. 410, 414: " 'There is no verdict of any force except a public verdict, given openly in court'...... All the authorities agree that the only verdict is that which the jury announce orally in court and which alone is received and recorded as the jury's finding." The written verdict, prepared in the jury room and handed to the clerk, when it is objected to as in this case, is no part of the record and has absolutely no significance whatever as the verdict of the jury; the verdict is the oral announcement. See Rottmund v. P. R. R. Co., supra, at page 416.

In Com. v. Schmous, 162 Pa. 326, 336, this court approved the proper procedure for the reception, announcement and recording of a jury's verdict. The chronological order of effective steps is there given in detail. That case has been approved in later opinions. See Com. v. Scovern, 292 Pa. 26; Rottmund v. P. R. R. Co., supra.

The verdict in this case was not ordered recorded until the close of the discussion in the assignment room. Prior to that time two jurors, when polled, had varied from the verdict which had been read to them from the form sent with the jury to the jury room. In Scott v. Scott, 110 Pa. 387, 390, where substantially the same situation occurred, it was said: " 'After the verdict recorded the jury cannot vary from it, but before it be recorded they may vary from the first offer of their verdict, and that verdict which is recorded shall stand;......,' " and we find no reason to alter this rule.

The reception of a verdict is not a difficult task; the procedure is simple enough. Amidst the pressing activities of trial court, we recognize that slight variances from proper forms are likely to occur, but in so important a matter as the reception of the verdict, which when received decides the issue in the case on trial, we suggest the wisdom and necessity of conforming to the letter of

the prescribed forms in order to avoid complications and delay.

We are impelled to this conclusion by what is expressed in Kramer v. Kister, 187 Pa. 227, 236: "When a juror dissents from a sealed verdict there is a necessary choice of evils, a mistrial or a verdict finally delivered under circumstances that justly subject it to suspicion of coercion or improper influence. We are of opinion that the former is the lesser evil."

In closing, we are moved to deprecate the growing practice in trial courts of permitting juries to seal their verdicts, disperse and remain at large for several days before their verdict is taken in open court; the efficacy and strength of jury trial is in grave danger of being weakened and its high position in judicial procedure seriously endangered. Difficulties such as have arisen in the instant case can be avoided without undue effort. If the trial judge cannot be present to receive a verdict, he may have another member of his court present to receive it. Historically, it was the practice to compel juries to remain together until their verdict was announced. Convenience and the demands of modern life have caused a change in this custom. While we do not wish to be understood as holding such procedure necessary in every case, it is our judgment that every effort should be made by the trial judge to receive the verdict when the jury is ready to announce it, rather than to permit the jury to seal their verdict, disband, and risk the chance of an interference before they reassemble.

Judgment reversed and a venire facias de novo awarded.