## Wellitz v. Thomas, Appellant.

Argued April 17, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*Robert M. Ewing,* for appellant.

*James R. Van Kirk,* with him *J. M. Stoner & Sons,*
for appellee.

OPINION BY JAMES, J., July 10, 1936:

On the afternoon of December 6, 1934, the court be-
low, having charged the jury, left instructions that
when the verdict was reached, it was to be sealed. The
following morning, eleven of the jurors were in the
jury box, but the foreman was absent. A minor son
of the foreman presented a certificate, from a physician,
stating that the juror was too ill to come to court and
also a note from the foreman making the same ex-
planation, and submitted an envelope containing the
verdict slip. The envelope was torn open and the ver-
dict read to the eleven jurors, who, when asked whether
this was the same verdict that had been agreed upon
the evening before, replied that it was; whereupon, the
court directed that the verdict be recorded. Neither
counsel for the plaintiff nor defendant was present

when the verdict was recorded. On the same day, defendant filed exceptions to the receiving and recording of the verdict, and thereafter presented his motion for a new trial alleging, among other grounds, the verdict was illegal on account of the manner in which it was received and recorded; which motion was refused and from the judgment entered on the verdict, this appeal was taken.

By the sixth section of the Declaration of Rights, it is provided that "trial by jury shall be as heretofore, and the right thereof remain inviolate"; and its meaning is that a jury shall continue to be the tribunal for the determination of all questions of fact in controversies between individuals and in actions and prosecutions brought by the Commonwealth, its substantial feature being that the jury shall consist of twelve good and lawful men, whose verdict must be unanimous: Wynkoop v. Cooch, 89 Pa. 450; Smith v. Times Publishing Co., 178 Pa. 481, 36 A. 296; Com. v. Collins, 268 Pa. 295, 110 A. 738.

"A verdict, *vere dictum*, is either *privy*, or *public*. A *privy* verdict is when the judge hath left or adjourned the court: and the jury, being agreed, in order to be delivered from their confinement, obtain leave to give their verdict privily to the judge out of court: which privy verdict is of no force unless afterwards affirmed by a public verdict given openly in court; wherein the jury may, if they please, vary from the privy verdict. So that the privy verdict is indeed a mere nullity; and yet it is a dangerous practice, allowing time for the parties to tamper with the jury, and therefore very seldom indulged. But the only effectual and legal verdict is the public verdict: in which they openly declare to have found the issue for the plaintiff, or for the defendant; and if for the plaintiff, they assess the damages also sustained by the plaintiff in consequence of the injury upon which the action is brought": Blackstone's Comm., Vol.

3, p. 376. "A privy verdict is that which, for the sake of being released from confinement, is given by a jury out of court to a judge; but if the court be adjourned to the judge's chamber, it is not privy but public. With us, a practice equally safe and convenient has obtained, of permitting the jury to reduce their finding to writing, and after sealing it up, to separate till the meeting of the court; when the paper being handed to the judge, their verdict is received from the lips of the foreman, and recorded in the usual way; but this difference is unimportant; for neither in the one case, or the other, is a privy verdict, thus delivered, recorded. As the jury may depart from it, their finding in court is what decides the rights of the parties, and what is admitted of record; the paper delivered to the judge having performed its office, is never filed or preserved; and if it even should be, it would form no part of the record. The verdict in open court by the proper officer was, therefore, the only competent evidence of what the jury directly found ......": Dornick et al. v. Reichenback— opinion by GIBSON, J.—10 S. & R. 84, 89, 90.

The origin and practice of allowing the jury to seal a verdict and then to separate is fully considered in Kramer v. Kister, 187 Pa. 227, 233, 40 A. 1008. The only verdict is that which the jury announces orally in court and which is received and recorded at the direction of the court as the finding of the jury: Snaman v. Donahoe's Inc., 307 Pa. 282, 161 A. 68; Eastley v. Glenn, 313 Pa. 130, 169 A. 433. Until the actual announcement and recording of the verdict, in the presence of the court, anyone of the jurors had the right to dissent from it, and the unanimous verdict of the jury could only be established by the actual presence of the jury of twelve. No communication, from the absent juror, could be recognized by the court, explaining, for whatever cause, his failure to appear; and the court had

authority to accept a verdict only from the twelve who had been sworn to try the cause.

In the case of King v. Faber & Co., 51 Pa. 387, the jury, upon retiring, was directed by the court, if they should not agree on their verdict so as to be in that evening, they should seal it up and bring it into court in the morning. In the morning, eleven jurors only were present with the sealed verdict and the foreman informed the court that the twelfth juror was sick. One of the parties refusing to assent to the verdict being rendered by the eleven jurors, the court adjourned to meet forthwith at the home of the sick juror; and all the jurors, the parties and their counsel, being present, court was opened and the jury regularly rendered their verdict, which the court directed to be recorded, and then adjourned to meet forthwith at the courthouse where the verdict was publicly announced by the clerk in the presence of the eleven jurors, the parties and their counsel. This mode of receiving a verdict was held not to be error; in so receiving the verdict, the court clearly recognized the verdict should be rendered by the entire jury in the presence of the court.

It may be, as argued by appellee, that no injustice has been suffered by plaintiff; but that is not a question for the court below, or for this court, to determine. We are bound by the fundamental rules of law and practice of our Commonwealth, which require a verdict to be rendered by the unanimous finding of twelve jurors orally announced in court.

Judgment reversed with a venire facias de novo.