Commonwealth *v.* Zierenberg, Appellant.

Argued September 26, 1938.

Before KELLER, P. J.
CUNNINGHAM, BALDRIGE, PARKER and RHODES, JJ.

*Dale T. Lias,* for appellant.

*John F. Haggerty,* Assistant District Attorney, with
him *Andrew T. Park,* District Attorney, for appellee.

OPINION BY BALDRIGE, J., October 28, 1938:

The appellant herein has been three times tried on
an indictment charging fornication and bastardy. In
each of the first two trials the jury disagreed and the

third resulted in a conviction and sentence was imposed upon both charges. Notwithstanding these several trials, we find it necessary to sustain the appellant's third assignment of error, which relates to the reception of the jury's verdict under circumstances which we will outline.

The jury sealed their verdict at 11 p. m. on the night of November 16, 1937, and then separated. Upon reassembling on the morning of the 17th, the foreman announced their verdict of guilty, which was in conformity with the sealed verdict, whereupon counsel for defendant asked that the jury be polled. On the poll two of the jury responded "not guilty." The court thereupon sent the jury back to reconsider the case. In about an hour they returned and announced a verdict of guilty, which was thereupon recorded. Counsel for the defendant then stated: "I wish to take exception to resubmitting this case to the jury after they had come in and disagreed and the verdict was recorded. I would like to make a motion for a new trial and a motion in arrest of judgment."

We think this exception was well founded. It should have been sustained and the court should have declared a mistrial. In *Kramer v. Kister,* 187 Pa. 227, 40 A. 1008, the jury, after returning a sealed verdict, separated. The next morning the verdict was opened and announced. The jury was then polled and one juror dissented from the verdict as announced and thereupon the judge sent them out again and strongly intimated that they would be kept together until they had agreed. Shortly thereafter they returned with the same verdict as the one sealed and it was received and recorded over the defendant's objection. The court there stated (p. 236) : "When a juror dissents from a sealed verdict there is a necessary choice of evils, a mistrial or a verdict finally delivered under circumstances that justly

subject it to suspicion of coercion or improper influences. We are of opinion that the former is the lesser evil ...... The only safe way out of such a situation is to treat it as a mistrial and discharge the jury."

This case was followed and a mistrial held to have resulted where a jury's oral verdict, following a separation, differed from their sealed verdict in *Beecher v. Newcomer,* 46 Pa. Superior Ct. 44, 54-57.

In *Eastley v. Glenn,* 313 Pa. 130, 169 A. 433, the jury sealed a verdict at 3 p. m. on Friday. The following Monday the sealed verdict was opened and inspected by the trial judge. The clerk then read the verdict, which was for the defendant. Counsel for plaintiff asked for a poll. On the poll two of the jurors answered "plaintiff." The court then again sent out the jury. Upon their return they rendered an oral verdict for defendant, which was duly recorded. The Supreme Court, following *Kramer v. Kister,* supra, held that a mistrial had occurred under these circumstances, reversed the judgment for defendant, and awarded a new trial.

The above authorities, although involving civil suits, conclusively establish the fact that a mistrial took place in the present criminal action. The trial judge appreciated that a grave error had been committed and so stated in his opinion, but he was of the view that the defendant's subsequent conduct in failing to object to the improperly received verdict and in asking that sentence be imposed entirely cured the faulty verdict.

With this conclusion we cannot agree. A mistrial having occurred, the verdict received was not valid. It had no vitality to support the judgment or sentence later imposed.

Moreover, the record shows that defendant's counsel, after the jury finally rendered their verdict, specifically objected to the court's resubmitting the case to the jury

after they had disagreed on a poll. This objection should have been taken before the jury was sent out the second time. However, the court's error in resubmitting the case to the jury was basic and, in our opinion, that action could be attacked any time before sentence. The record does not show affirmatively that defendant's counsel asked the court in the first instance to impose sentence after the defective verdict was received. It was only after the court's statement that it would impose sentence on the fornication charge that defendant's counsel asked the court to sentence upon the bastardy charge also. This did not, under the present facts, cure the manner of the rendition of the verdict already objected to. While there may be circumstances under which parties, by failure to object to the receiving and the recording of a verdict, waive their right to do so, defendant's conduct in the present case did not amount to a waiver.

The decisions of our appellate courts cited, supra, show that a verdict rendered under the circumstances present here is subject to grave suspicion, which, in the interest of the integrity of trial by jury, can only be corrected by a new trial, at least where defendant raises such objection as he did here.

This conclusion makes unnecessary a discussion of evidence relating to the prosecutrix's refusal to submit to a blood test, which, in any event, is controlled by this court's decision in the case of *Commonwealth v. English,* 123 Pa. Superior Ct. 161, 186 A. 298.

The judgment and sentence of the court below is reversed and a new trial granted the defendant.