Havranek, Appellant, *v.* Pittsburgh et al.,
Appellants.

Argued March 25, 1942. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*James R. Orr,* with him *J. M. McNary,* for appellant
No. 184, appellee No. 38.

*Bennett Rodgers,* Assistant City Solicitor, with him *Wm. Alvah Stewart,* City Solicitor, for appellant No. 183, appellee No. 38.

*Samuel Goldstein,* with him *Charles J. Margiotti, Margiotti, Pugliese & Casey* and *Maurice L. Kessler,* for appellant No. 38, appellee Nos. 183 and 184.

OPINION BY MR. JUSTICE STERN, April 13, 1942:

The question is whether the court below was justified in setting aside the verdict in this case on the alleged ground that not all the jurors assented to it.

Plaintiff, operating an automobile one evening on Liberty Avenue, Pittsburgh, drove it into a large hole, which he had failed to observe, adjacent to the street-car tracks, and sustained injuries as a result of the accident. He brought suit against the City of Pittsburgh, which issued a writ of scire facias against Pittsburgh Railways Company to bring it in as additional defendant. The jury rendered a verdict in favor of both defendants under circumstances hereinafter narrated. The court granted plaintiff's motion for a new trial and defendants took appeals to this court. Thereafter the court entered an order granting motions of defendants for judgment upon the whole record on the ground that plaintiff had been guilty of contributory negligence. Plaintiff appealed from this order, asserting that the court below had no power to enter it after it had granted a new trial and appeals therefrom had been taken to this court; also that there had been no disagreement of the jury, which is a prerequisite to the entry of judgment upon the whole record under the Act of April 20, 1911, P. L. 70; further, that judgment for defendants was not warranted by the evidence. Because of our conclusion that the court erred in granting a new trial it will not be necessary to consider the questions thus raised on plaintiff's appeal.

The jury retired for consideration of the case on a Friday, and late that night sealed its verdict and sepa-

rated. On the following Monday four women on the jury visited the trial judge in his chambers and told him they were "dissatisfied" with the verdict. The judge instructed them that the time to express themselves was when the question would be asked whether they had agreed upon a verdict. When, thereupon, in open court, the jury were called upon to render their verdict, one of these jurors explained that she and the other three were not "satisfied" with the verdict; she stated that they felt as though they were "sort of swayed," that after they had listened to the other jurors, who they thought knew more about driving a car, they concluded they would change their opinion, which they did against their "better convictions"; she admitted that all of them had agreed upon the verdict as sealed, and that they were not subjected to coercion of any kind, but "I just felt, well it was getting late and I would agree with the rest, but it was against my better judgment." The court announced that it would receive the verdict. The sealed verdict was opened. It stated that plaintiff was guilty of contributory negligence. The court, addressing the jury, said: "It is perfectly clear from your verdict the result which has been reached, but in order to make it perhaps a little more in accordance with the usual form I will add to what you have written these words: 'And we find for both the defendants.' Is that what you understood your purpose was?" The foreman nodded in the affirmative, and no dissenting voice was heard. Thereupon the clerk read the verdict to the jury "as the court hath recorded it. . . . You find the plaintiff was guilty of contributory negligence, and find a verdict in favor of both defendants. And so say you all." There was no dissent, and the jury was thereupon discharged. Subsequently the juror who had acted as spokesman for the four was again questioned by the trial judge in his chambers, but added nothing to what she had previously stated.

The trial judge certified that the sole reason for the court in banc granting plaintiff's motion for a new trial

was "because the verdict was not valid nor legal, four of the jurors expressing their dissatisfaction with the sealed verdict before it was opened."

We are of opinion that the award of a new trial on the ground stated was error. Of course, if the court did not feel that the jurors had properly reached their verdict, or believed that the verdict was not in accord with the weight of the evidence, or that, for some other reason, the interests of justice demanded a new trial, it would have been justified, in the exercise of its discretion, in setting aside the verdict accordingly. It did not, however, act in the exercise of its discretionary power; on the contrary, it stated in its opinion that it was *"reluctantly* forced to the conclusion that a new trial *must* be granted," and by its subsequent order entering judgment for defendants upon the whole record it showed not only that it approved the finding of the jury that plaintiff was guilty of contributory negligence but that it believed a verdict for defendants on that ground was compulsory as a matter of law. It granted the new trial solely because it thought that the verdict was not "valid nor legal," and therefore that the law *required* that a new trial be granted.

The verdict *was* valid and legal. It is true jurors are not concluded by a sealed verdict, which is only an informal memorandum, not a part of the record, and from which any of them have a right to dissent when the verdict is rendered in open court. It is only the oral verdict which, when received and recorded by the court, constitutes the valid and legal verdict: *Scott v. Scott,* 110 Pa. 387, 390, 391, 2 A. 531, 532; *Kramer v. Kister,* 187 Pa. 227, 233, 40 A. 1008, 1009; *Rottmund v. Pennsylvania R. R. Co.,* 225 Pa. 410, 414, 416, 74 A. 341, 343; *Eastley v. Glenn,* 313 Pa. 130, 132, 133, 169 A. 433, 434; *Wellitz v. Thomas,* 122 Pa. Superior Ct. 438, 441, 185 A. 864, 865. If, in the present case, when the jury was called upon for their verdict, the four jurors or any of them had stated that they did not assent to the verdict as

then rendered, that it was not *their* verdict, the verdict could not have been received by the court, and, as the jury had meanwhile separated, it would have been incumbent upon the court to discharge them and to have a retrial: *Scott v. Scott,* 110 Pa. 387, 2 A. 531; *Kramer v. Kister,* 187 Pa. 227, 40 A. 1008; *Snaman v. Donahoe's Incorporated,* 307 Pa. 282, 161 A. 68; *Eastley v. Glenn,* 313 Pa. 130, 169 A. 433; *Commonwealth v. Zierenberg,* 133 Pa. Superior Ct. 112, 1 A.2d 918.[1] But when a verdict is orally announced in court and there is no dissent from any juror, such action is final and the verdict stands as rendered: *Friedman v. Ralph Brothers, Inc.,* 314 Pa. 247, 250, 171 A. 900, 901.[2] The mere statement by the four jurors that they were not "satisfied" with the verdict was of no legal significance, because jurors frequently agree upon verdicts with which many or all of them are not "satisfied", compromises being required if a unanimous verdict is to be obtained. The motive, if not corrupt, which induces jurors to acquiesce in a verdict is immaterial. Though here the four jurors may have agreed against their own "better judgment", the essential point is that they did agree, and, even if not "satisfied," they did not object to the announcement of the verdict as being the verdict of the jury, nor

---

[1] In the *Scott* case, the verdict as announced was for defendant, but on a poll of the jury one of them declared that he was "in favor of the will," that is, for plaintiff. In the *Kramer* case the jury rendered a verdict for plaintiff, but one of the jurors, on the jury being polled, stated that he found for defendant; this fact is not stated in the opinion of the court but appears in the record and paper books in the case. In the *Snaman* case, the jurors being asked whether they all had joined in the verdict, one of them replied that she had not. In the *Eastley* case, the verdict rendered was for defendant, but, on a poll of the jury, two jurors answered that they found for plaintiff. In the *Zierenberg* case, the foreman announced a verdict of guilty, but, the jury being polled, two of them answered "not guilty."

[2] In this case the foreman of the jury, after the verdict had been sealed, refused to permit a juror to change her vote, but the juror did not dissent when the verdict was announced in court.

declare that they, or any of them, found for the plaintiff. Whatever power, therefore, the court might have had to set the verdict aside if, in its discretion, it believed that a new trial should be granted, it could not do so on the sole ground upon which it acted, namely, that the verdict was not a legal one.

The order granting a new trial is reversed. The record is remitted with direction to strike off the order granting the motions of defendants for judgment upon the whole record. Judgment to be entered for defendants on the verdict.