## ANDERSON et al. v. PENN HALL CO.

### No. 397.

District Court, Middle District of Pennsylvania.

Nov. 23, 1942.

Walter H. Compton and John H. Moody, both of Harrisburg, Pa., for plaintiff.

Edmund C. Wingerd and Daniel W. Long, both of Chambersburg, Pa., for defendant.

JOHNSON, District Judge.

This matter comes before the court on motion filed by the plaintiffs for a new trial, in which motion it was averred that the verdict rendered by the jury at the conclusion of the trial on June 13th, 1942, was not unanimous.

The pertinent facts to be considered are briefly as follows: On Friday, June 12, 1942, the jury in this case retired for consideration of the case after a full and complete trial. While the jury was out, the Court adjourned, and sometime during the night the jury apparently agreed and prepared a written verdict, which was sealed, to be presented when Court convened on Saturday.

The jury reassembled and in open Court presented its sealed verdict to the Court, which was opened and which was as follows:

"And Now, to wit: June 13th, 3:00 A. M., 1942 we, the jurors empaneled in the above entitled case, find Penn Hall Company negligent and that Ethel Mary Anderson was contributory in the negligence resulting in finding in favor of the Defendant. Charles B. Henderson, Foreman".

Upon request of counsel for the plaintiffs, the jury was polled, the clerk reading the sealed verdict aloud and asking each juror individually if that was his verdict. All of the jurors answered "Yes" at that time except two who answered "No". Upon being questioned by the Court, the Foreman of the jury stated several times that every juror had agreed to the written verdict before it was sealed and the jury separated. Juror Tyler, one of the jurors who answered "No", then stated as follows:

"I didn't agree to that writing in there, that indictment that we find—we find the plaintiff guilty of negligence. I didn't vote on that".

Juror Tyler was then questioned by the Court as to just what he did agree to and

692

Juror Tyler answered: "As I understood you to say in your charge, we must be 'either for or against, either for the defendant or for the plaintiff'".

Juror Tyler was then questioned by the Court as to what was his verdict at the time it was signed, and Juror Tyler thereupon answered that it had been, and still is, for the defendant.

The other juror who answered "No", Juror Thomas, was likewise questioned by the Court, and he also stated that his verdict at the time it was signed was for the defendant, and still is. Whereupon, the Court stated that the verdict was unanimous, and the same was recorded and the jury discharged.

Counsel for the plaintiff then made an objection to the reception of the verdict for the defendant and it is their objection that forms the basis for this Motion for a New Trial.

Counsel for the plaintiffs contend that a new trial should be granted on grounds that the verdict described above was not a unanimous one, as prescribed by law. That unanimity of all the jurors is absolutely necessary in order that a proper verdict be granted is well settled and need not be discussed.

The sole issue to be decided here is purely one of fact; namely, whether or not there was this required unanimity, and that can be decided only by a close scrutinization of all the facts and circumstances of this particular case.

The first thing to be noticed is the respective positions given by the law to the written sealed verdict and the oral verdict, delivered in open court. It is well settled that the only verdict is that which the jury announces orally in Court and which is received and recorded at the direction of the Court as the finding of the jury. See Rottmund v. Pennsylvania R. Co., 225 Pa. 410, 75 A. 341; also Commonwealth v. Flaherty, 25 Pa.Super. 490. Hence it follows that explanations or comments in a written verdict are no part of the verdict of the jury but are mere surplusage. See, on this, Smullin v. Harenski, 106 Pa.Super. 453, 162 A. 319.

In this case, the verdict announced in Court was in favor of the defendant, and this written verdict which was read in Court elaborated on this finding by adding that the verdict was reached by holding the plaintiff contributorily negligent, and the defendant negligent. Hence, the question to be now determined is simply this: Did Jurors Tyler and Thomas agree at all times that the verdict should be for the defendant, and simply disagree with the recorded mode of reaching this verdict, or did they at any time agree that the verdict should be for the plaintiff. After careful consideration, it is the opinion of this Court that the only thing that jurors Tyler and Thomas did not agree upon with the other ten jurors, was the above mentioned surplusage contained in the written verdict; namely, the explanation as to how the final verdict for the defendant was reached. As the transcript of the testimony shows, they were asked while still under oath whether or not their verdict had at all times been for the defendant and they both replied in the affirmative. Furthermore, the remarks of Juror Tyler show that he was under the impression that the verdict had to simply state that it was in favor of one or the other parties and that therefore, he didn't agree to all the explanation that was written on the sealed verdict.

In short, therefore, it is apparent that at no time did either juror disagree that the verdict should be for the defendant, but joined with the other jurors in a verdict for the defendant. The requirement of unanimity of the verdict was therefore satisfied.

This court takes special notice of the cases of Eastley v. Glenn, 313 Pa. 130, 169 A. 433; and Kramer v. Kister, 187 Pa. 227, 40 A. 1008, 1010, 44 L.R.A. 432, both of which are cited by counsel for the plaintiffs and relied upon heavily by them in support of their contention. This Court agrees that these cases represent the well-settled law in Pennsylvania today, but they are not on point with the facts of this case, and therefore are not controlling upon the question to be decided here. In each of these cases, the juror dissented from the general verdict as recorded and sealed. In such a case it is obvious that the required unanimity was not present. If Jurors Tyler or Thomas in this case had indicated in any manner or at any time that their verdict was in favor of the plaintiffs, or not for the defendant, then this case would fall in line with these cases cited, and a new trial should be awarded. However, such is not the case here. Here the dissent was not to the general verdict, but merely to the explanation given.

In Kramer v. Kister, supra, the court said, "When a juror dissents from a sealed

verdict, there is a necessary choice of evils, —a mistrial, or a verdict finally delivered under circumstances that justly subject it to suspicion of coercion or improper influences. We are of opinion that the former is the lesser evil."

No circumstances in this case justify the finding that the verdict here might be subject to suspicion, coercion, or improper influence. This Court is fully satisfied that the dissent was solely the result of a jurors' insistence that a verdict be either for one party or the other, and free of all explanatory matter. They have indicated that at all times their verdict was for the same party, namely the defendant, and it follows that the dissent is not of such a nature as to warrant the granting of a new trial.

Therefore, it is the opinion of this Court that this case was properly tried, and a proper unanimous verdict reached by the jury. For these reasons, the Court hereby dismisses the plaintiffs' motion for a new trial, and a new trial is refused.