## Commonwealth *v.* Lemley, Appellant

Argued September 24, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harry S. Kalson,* for appellant.

*Dale T. Lias,* Assistant District Attorney, with him *Russell H. Adams,* District Attorney, for appellee.

OPINION BY BALDRIGE, P. J., October 24, 1945:

The question presented in this appeal is whether in a criminal case the commonwealth has the right to have the jury polled after a sealed verdict has been offered in open court?

Raymond Lemley, the appellant herein, was charged with the crimes of (1) public indecency, and (2) assault and battery. The jury retired in the afternoon and about four hours thereafter handed to the attending tipstaff two sealed verdicts. The next morning when the court reconvened, according to a statement of Judge EGAN who presided at the trial, the sealed verdicts finding the defendant "not guilty" were handed to the court clerk and after examination by the trial judge were read aloud by the clerk. The district attorney immediately made a motion to poll the jury, which was done. The poll disclosed that the jurors were not in agreement, some answering "Guilty" and others "Not Guilty." The trial judge refused to accept the verdicts as returned, ordered that they be not recorded, and declared a mistrial in both cases. The defendant thereupon petitioned the court to grant a rule to show cause why the verdicts of the jury as presented should not be reinstated. The petition was discharged and thereupon this appeal was taken.

Undoubtedly, it is too late to ask a jury to be polled where a verdict has been announced in open court, affirmed by the jury and *recorded*. Until the verdict is recorded it is of no force, as it is not the legal verdict of a jury: *Rottmund v. Pennsylvania Railroad Company*, 225 Pa. 410, 416, 74 A. 341. We are not aware, however, of any case squarely deciding that a request by the district attorney to poll a jury before a verdict is received and recorded shall be granted. But textbook authorities generally recognize that either the commonwealth or defendant has a right to have a jury polled on the rendering of the verdict, whether oral or sealed, at any time before it is recorded: Abbott's Criminal Trial Practice, 4th Ed., 1939, §735, p. 1382. Wharton Criminal Procedure, Vol. 3, 10th Ed., §1683, states: "Either party may require that the jury, after announcing their verdicts shall be polled . . . The same power resides in the court of its own motion." It is said in Bishop's New Criminal

Procedure, Vol. 2, §§1002, 1003, that in some states the polling of the jury is at the discretion of the court, but in most states the polling of the jury may be demanded by either party and the court cannot refuse such request. In section 347 of "Trial by Jury" by the late Chief Justice MOSCHZISKER, the rule is approved in the following words: "Either party to a criminal prosecution has a right to have the jury polled, . . . but if you want this done, a request to that effect must be made before the verdict is recorded."

The jury in the instant case having sealed their verdict and separated and it appearing that before their verdicts were recorded nine of the jurors as to one indictment and ten in the other had, upon further reflection, changed their minds, there was no alternative but to declare a mistrial: *Daniel H. Kramer v. David H. Kister,* 187 Pa. 227, 40 A. 1008; *Commonwealth v. Zierenberg,* 133 Pa. Superior Ct. 112, 1 A. 2d 918.

Our attention is called by the appellant to the fact that when sealed verdicts were handed to the trial judge the clerk went through the usual form and read as follows: "Members of the Jury, hearken to your verdicts as the Court hath recorded them in these several issues joined between the Commonwealth and Raymond Lemley, etc." That formality did not constitute a recording of the verdict. "Reading the verdict slip with the prefix, '. . . hearken to your verdict as the court has recorded it,' followed by an oral dissent, with or without poll, by a member of the jury before dismissal, is not returning or recording a verdict as is required by law." *Eastley v. Glenn,* 313 Pa. 130, 132, 169 A. 433; 27 R. C. L. §§10, 12, pp. 840, 841.

We can see no reason for denying the right to a district attorney to poll the jury, especially if it is done with the approval of the court, who has wide discretion when matters concerning a trial and the reaching of a just verdict are involved. It would be very dangerous if it is apparent that the verdict as originally

announced did not accurately reflect the judgment and wishes of the jurors. In such a case the verdict as finally recorded would not be the true verdict and would result in a clear miscarriage of justice.

Order of the court affirmed at appellant's costs.