JAMES N. FOLKNER, PLAINTIFF, v. CHARLES F. HOP-
KINS, DEFENDANT.

Submitted June 5, 1924—Decided November 24, 1924.

1. The common law rule that a verdict could only be rendered in
   the presence of the court has been modified by section 160 of the
   Practice act (*Comp. Stat., p.* 4103), which provides that, after
   the jury have gone from the bar to consider their verdict, the
   court may direct that the verdict be taken by the clerk in open
   court in the absence of the judge.
2. The function of the clerk, under section 160 of the Practice act
   (*Comp. Stat., p.* 4103), is limited strictly to the receiving of
   such verdict as the jury shall render, without regard to whether
   it is in accordance with the instructions of the trial court to the
   jury, or whether the finding can be legally justified.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

189

For the rule, *William H. Morrow.*

*Contra, Joseph M. Roseberry.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This was a suit brought by the plaintiff to recover compensation for the alienation of the affection of his wife by the defendant.   At the close of the case, and after the jury had retired for consideration of its verdict, the trial judge left the court house, after directing the clerk to keep the court open and to take the verdict of the jury when that body returned into court to render it. In due course the jury came back into court and delivered the following verdict: "We find the defendant guilty and fine him $1,000, and we recommend that the relations between the plaintiff's wife and the defendant cease."   The clerk refused to accept this verdict, and told the jury, in effect, that they had no right to find the defendant guilty or not guilty, and, further, that they had no right to impose a sentence upon him; that, if they found for the defendant, their verdict should be no cause of action, and, if they found for the plaintiff, they should assess his damages and state the amount of their award.   After this instruction, he sent the jurors back to their room.   Some time later the jury again returned into court and rendered the following verdict: "We find the defendant guilty and fine him $2,500."   This verdict the clerk also refused to accept, and, after practically restating to the jury what he had said when they returned their first finding, sent them out again for a still further consideration of the case.   In due course the jury returned with a third verdict, as follows: "We find for the plaintiff in the amount of $2,500."   This verdict the clerk received.

The defendant having applied for and obtained a rule to show cause why the verdict as entered should not be set aside, and that rule coming on to be heard before us, we are asked to make it absolute for numerous errors alleged to have occurred at the trial.   We do not find it necessary, however,

to consider any of the grounds argued before us, and for this reason: The action of the clerk, as above set forth, was very clearly without legal warrant. At common law a verdict could only be rendered in the presence of the court—that is, in the presence of the judge or judges before whom the trial was had. *Davis* v. *Township of Delaware,* 41 *N. J. L.* 57. This rule of the common law has been modified by section 160 of our Practice act (*Comp. Stat., p.* 4103), which provides that, after the jury have gone from the bar to consider of their verdict "the court may direct that the verdict be taken by the clerk in open court in the absence of the judge, and may order that the court remain open for that purpose." The power of the clerk under the conditions named is strictly limited by the statute, and that is to *take* such verdict as the jury shall render, without regard to whether or not it is in accordance with the instructions delivered to that body by the court, and without regard to whether or not the finding can be legally justified. He is not vested by the statute with any judicial power, nor does the order of the court directing him to take the verdict attempt to confer such power upon him. It is no concern of his officially whether the verdict can be upheld, or whether or not judgment can be entered upon it. He cannot legally refuse to accept a verdict, but must "take" it as rendered, and, if it is informal in its phrasing, but is susceptible of being molded by the court so as to conform to the issues raised by the pleadings, it is the function of the court to so deal with it. If it cannot be so molded, then, necessarily, a mistrial must be declared.

The verdict actually entered in this case was a nullity, for the reason indicated, and, consequently, a new trial must be directed.