TONY SOCKOLOWSKI, RESPONDENT, v. BRONISLAWA OL-
KOWSKI AND BOLESLAW OLKOWSKI, APPELLANTS.

Submitted May 15, 1925—Decided October 1, 1925.

The clerk of a District Court, waiting to receive the verdict of a
    jury, undertook, pursuant to instructions from the judge by
    telephone, to refuse the verdict as tendered, and required the
    jury to reconsider and find a different verdict. *Held*, error re-
    quiring a reversal.

---

On appeal from the District Court.

The question raised by the appeal is whether there was harmful error in the conduct of the cause after the jury had retired to deliberate on their verdict. A statement of the fact is best made by reproducing that part of the state of the case certified by the trial judge, which bears on the point in question. It is as follows:

"The cause was tried before the court and a jury. The court charged that under the evidence a verdict must be rendered, if in favor of the plaintiff, in the sum of $426, or for the defendants. After the jury retired to deliberate on the verdict, the judge directed that the verdict be taken by the clerk in open court, as he, the said judge, was about to depart, and ordered that the court should remain open for that purpose. After deliberating for about two hours a knock was

heard on the door of the jury room, and the constable in charge thereupon asked the foreman of the jury if they had agreed upon their verdict, and was informed that they had. The jury then informed the clerk that they had agreed upon a verdict, and stated that it was for the plaintiff in an amount less than that which the court charged them the verdict should be for if in favor of the plaintiff. the foreman mentioning the amount. The attorneys of the respective parties to the suit were in court at the time thereof, and the said clerk, realizing that the verdict was erroneous, communicated with the judge of the court for instructions. The said attorneys of the respective parties to the suit consented that the said clerk should communicate with the judge. The clerk thereupon communicated with the judge over the telephone, and informed the said judge of the situation aforesaid, requesting instructions, and the said judge thereupon instructed the said clerk not to accept a compromised verdict, but to inform the jury that they must find either for the plaintiff in the sum of $426 or else in favor of the defendants, as previously instructed.

"The jury was thereupon called into court and asked by the clerk if they had agreed upon their verdict. The foreman, speaking for the jury, answered that they had found a verdict in favor of the plaintiff and as against the defendant in the sum of $213. The said clerk thereupon informed the jury of the instructions he had received from the judge, to the effect that they must find either a verdict in favor of the plaintiff for the amount of damages proven, namely, $426, or else find a judgment in favor of the defendant, and that he, the said clerk, could not accept a compromised verdict. The jury thereupon returned to the jury room for further deliberation, and after deliberating for about one-half hour returned with a verdict in favor of the plaintiff and as against the defendant in the sum of $426.

"All of the above transpired in the presence of the attorneys of both the plaintiff and the defendants, and judgment was accordingly entered in favor of the plaintiff and as against the defendant in the sum of $426, besides costs.

"On the 10th of February, 1925, the attorney of the defendants made application to the court for a rule to show cause why the verdict of the jury should not be set aside. The judge of the court refused to sign the rule.

"On the 13th of February, 1925, the attorney of the defendants, after serving due notice thereof upon the attorneys for the plaintiff, again made a motion to the judge in open court, that the verdict of the jury be set aside and a new trial ordered on the ground that the clerk of the court was without power, and acted illegally in not accepting the first verdict of the jury in the sum of $213, and in permitting the jury to return to their room for further deliberation under the instructions received from the judge. The judge denied the motion on the grounds to wit:

"1. That the clerk of the court was justified in refusing to accept a compromised verdict, the instructions to the jury having been that they must find either a judgment in favor of the plaintiff in the sum of $426, or else a judgment in favor of the defendants; and that the clerk was justified in advising the jury to return to further deliberate, having been so directed by the court."

Before Justices PARKER, MINTURN and BLACK.

For the appellants, *Charles Rubenstein.*

For the respondent, *Feinberg & Feinberg.*

The opinion of the court was delivered by

PARKER, J. It should be unnecessary to call attention to the fundamental fact that the clerk of a court is at common law a ministerial, and not a judicial officer. As such ministerial officer it was his duty to take the verdict of a jury, but at common law only in the presence of the judge, or, to put it in another way, in open court. 38 *Cyc.* 1873. One important reason for this is that if there be irregularity or inconsistency, or other infirmity in the verdict which is subject to correction, this may be done under the direction of the

court itself, as it frequently is done. *Id.* 1892, 1893; *Engle* v. *State,* 50 *N. J. L.* 272, 274; *State* v. *Overton,* 85 *Id.* 287, 295. Even a verdict in writing we have frowned upon. *Johnson* v. *Depuy,* 2 *Id.* 165.

This rule of the common law, doubtless the result of several centuries of experience, has been greatly relaxed by statute as a matter of convenience, but this relaxation sometimes leads to trouble, as in the present case. Even in criminal trials, except for murder, the clerk may be deputized to take the verdict. *Comp. Stat., p.* 1844, *pl.* 74-A. Similarly in civil issues in the superior courts of common law by section 160 of the Practice act of 1893. By the District Court act (*Comp. Stat., p.* 1961, § 27), the clerk "may, in the absence of the judge　*　*　*　receive the verdicts of juries in like manner as the judge of said court might do if present." But it will be observed that neither the Criminal Procedure act, nor the Practice act, nor the District Court act, goes further than to authorize the clerk to *receive* or *take* the verdict (and in criminal cases poll the jury). The confusion that would result from clerks undertaking to instruct juries and mould verdicts need not be imagined; there are several cases in the reports, and the present case is another. *Folkner* v. *Hopkins,* 100 *N. J. L.* 189; *State* v. *Simon,* 101 *Id.* 11.

There is only one sound rule of conduct for a clerk in a case where he is deputized to take a verdict and some complication has arisen; to receive the verdict as rendered, no matter how wrong it may appear, and let it go at that. As we said in *Folkner* v. *Hopkins, supra,* "it is no concern of his, officially, whether the verdict can be upheld, or whether or not judgment can be entered upon it." So, in the case at bar, it was no concern of the clerk that the jury proposed to render a fifty per cent. verdict; if the judge had been present he could have sent them back; whether he would have been correct in so doing we need not decide now, but the judge was not present and his instructions to the jury through a telephone, and then through the clerk, were no legal substitute for his presence. If he was to mould the verdict or send the jury back to correct it, he should have the jury

before him in open court. Any other practice, as we said in *Johnson* v. *Depuy, supra,* "would be subject to great abuses."

That the attorneys did not object in presence of the clerk is of no consequence. Unless the judge was present, there was no court except by statute for the taking of the verdict. Objection was made to the judge in due season.

Let the judgment be reversed and the case remanded for a new trial.