STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
GEORGE PALLITTA ET AL., PLAINTIFFS IN ERROR.

Submitted January 27, 1933—Decided June 29, 1933.

Before Justices BODINE and DONGES.

For the plaintiffs in error, *J. Victor D'Aloia*.

For the defendant in error, *Joseph L. Smith*.

PER CURIAM.

This writ brings up the conviction of the plaintiffs in error upon an indictment for possession of liquor after a trial at the Essex Quarter Sessions before Judge Van Riper.

The single question here presented is the propriety of the actions of the court clerk when the jury came in to render a verdict.

What happened was this: After the jury retired to deliberate, Judge Van Riper instructed the clerk to receive the verdict in his absence and left the court house. Sometime later the jury came into the court room and announced it had reached a verdict. The foreman announced the verdict as "guilty with leniency." Counsel for defendants demanded that the jury be polled. Nine jurors answered "guilty with leniency;" two "guilty with extreme leniency;" and one "not guilty." Thereupon the clerk telephoned the judge and was told to send the jury back to reach a verdict.

Later the jury returned and announced a verdict of guilty with leniency. Upon a poll, ten so answered and two mentioned extreme leniency.

The contention is that the clerk usurped, or the judge delegated to him, a judicial function, and that the action was in contravention of the rule in *Sockolowski* v. *Olkowski*, 102 *N. J. L.* 50; 130 *Atl. Rep.* 514; *Folkner* v. *Hopkins*, 100 *N. J. L.* 189; 126 *Atl. Rep.* 633, and other cases cited. However, in those cases the jury did return a verdict, that is, some finding upon which they unanimously agreed, and the clerk refused to accept it because, in his view, it did not meet the issues submitted by the proofs and the charge of the court. In the instant case we have no such thing. After the jury was polled it was evident that they had agreed on nothing. It was then the duty of the clerk to send them back, and his action in doing so was ministerial and not judicial. He could do nothing else. The fact that he communicated with the judge and received instructions from him makes no difference one way or the other.

The judgment is affirmed, with costs.