ANNA KINDERVATER (BY HER NEXT FRIEND RUDOLPH KINDERVATER), ANNA KINDERVATER, INDIVIDU-ALLY, AND RUDOLPH KINDERVATER, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. WILLIAM SIMONI, DE-FENDANT-APPELLANT; DAVID DOYLE, DEFENDANT-RESPONDENT.

Submitted October 14, 1933—Decided February 15, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the plaintiffs-respondents, *Frederick Siman.*

For the defendant-appellant, *Green & Green* (*David Green,* of counsel).

For the defendant-respondent, *Coult, Satz & Tomlinson* (*Gerald T. Foley,* of counsel).

PER CURIAM.

This is an appeal from a judgment entered upon a verdict in the Union County Court of Common Pleas in favor of the plaintiffs. The suit was brought by three plaintiffs against two defendants, William Simoni and David Doyle. The verdict as taken was against the defendant Simoni and in favor of the defendant Doyle.

The appellant, Simoni, contends that the judgment should be reversed because of improper conduct upon the part of the clerk in connection with the verdict. It is not contended that the clerk was without power to receive a verdict in the absence of the judge. The contention is that the clerk im-

properly returned the jury to the jury room for further consideration after they had in effect disagreed as to their verdict.

The record laid before us shows without substantial dispute that what occurred was this: After the jury retired to deliberate the judge left the court house. Sometime later the jury came into the court room and indicated that it had reached a verdict which the foreman announced, stating the various amounts of the verdicts for the several plaintiffs and against the defendant (appellant) and a verdict of no cause of action as to the defendant Doyle. Thereupon counsel for the appellant, Simoni, demanded that the jury be polled. That was done with the result that eleven of the jurors announced the verdict as stated by the foreman, whilst one of the jurors announced a verdict in favor of the several plaintiffs in amounts differing from that announced by the foreman, and also differing from it in that this juror's verdict was against both defendants. Thereupon counsel for the appellant, Simoni, informed the clerk that these verdicts was in effect a disagreement of the jury. The clerk then endeavored unsuccessfully to communicate with the judge. Thereupon counsel for the appellant and other counsel conferred with the clerk, with the result that the jury was returned to the jury room for further consideration of their verdict. That was done without any objection upon the part of counsel for the appellant and apparently with his acquiescence. Later the jury returned into court with the verdict from which this appeal is taken.

The appellant argues that the clerk usurped a judicial function in thus returning the jury to the jury room for further deliberation.

We think this contention is without merit. The appellant relies upon the rule in *Sockolowski* v. *Olkowski*, 102 *N. J. L.* 50; 130 *Atl. Rep.* 514; *Folkner* v. *Hopkins*, 100 *N. J. L.* 189; 126 *Atl. Rep.* 633, and similar cases cited.

Those cases we think are not in point. In those cases the jury did return a verdict, that is, some finding upon which they unanimously agreed, and the clerk refused to accept it

because in his view it did not meet the issues submitted by the proofs and the charge of the court.

In the present case we have a far different situation. After the jury was polled at the demand of the appellant, it was evident that they had agreed on nothing. It was then the duty of the clerk to send them back, and his action in doing so was ministerial and not judicial, and was without objection and apparently with the acquiescence of the appellant.

Such in effect are the views expressed in *State* v. *Pallitta*, 11 *N. J. Mis. R.* 612; 167 *Atl. Rep.* 20, a very similar case to the present, and indeed controlling here.

The judgment will be affirmed, with costs.