MARY SILAK, PLAINTIFF-RESPONDENT, v. HUDSON AND MANHATTAN RAILROAD COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 12, 1934—Decided February 6, 1935.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *John H. Kelley.*

For the defendant-appellant, *Edward A. Markley.*

The opinion of the court was delivered by

CASE, J. A stipulation to abandon some of the matters complained of in the specification of determinations leaves only two questions to consider on this appeal, namely, the legal effect of the conversation said to have occurred between a constable of the court and a member of the jury after the jury had retired to deliberate upon a verdict, and the manner in which the clerk of the District Court polled the jury during the return of the verdict.

It appears that the jury was in deliberation for about three and one-quarter hours and that at the close of the first hour of that period the attorney for the defendant perceived one of the jurors step to the door and "say to Mr. Rabbia (a constable in charge of the jury) words to the effect that he wanted to know to what extent a verdict could be rendered in that court and Mr. Rabbia told the juror that they could not bring in more than five hundred dollars." The verdict actually rendered was for $500 which, on rule to show cause, was reduced to $350. The constable in thus conversing with a member of the jury violated his oath, but it does not follow that every reprehensible act on the part of a person in authority is ground for declaring a mistrial. The information given by the constable to the member of the jury was the truth even though it should not have been communicated

in that fashion. The court, if asked for an instruction on that subject by the jury, would doubtless have given the same information. It is true that the verdict, when rendered, was in that amount, but if the jury was at all influenced to extend its verdict to the limit of the court's jurisdiction by reason of the information that thus came, that has been corrected in that the trial court, on the defendant's request, reduced the verdict. We are unable to discern any harm resulting to the defendant's case. *Price* v. *Lambert,* 3 *N. J. L.* 122. No ulterior motive or consequent effect was shown or even intimated. *Murphy* v. *Zimmerman,* 9 *N. J. Mis. R.* 728. The attorney himself knowing of this situation more than two hours before the jury ultimately agreed took no steps to cause the court to declare a mistrial. He took his chance on the outcome. We find no reversible error in this situation.

When the jury returned to render its verdict, the foreman, speaking for the jury, announced a verdict in favor of the plaintiff and against the defendant for $500. Thereupon, on the defendant's request that the jury be polled, each juror was asked "do you find in favor of Mrs. Silak in the sum of five hundred dollars and against the Hudson Manhattan Railroad Company?" to which each juror in turn answered, "yes." It is now contended by the appellant, and was at the time stated by defendant's attorney to the clerk of the court who was taking the verdict, that this did not constitute a proper poll of the jury. We shall assume that a party in a civil cause is entitled to have the jury polled on the return of the verdict. We are cited to no decision in this jurisdiction that recites precisely how the jury shall be polled. The object of the poll is to ascertain for a certainty that each of the jurors approves of the verdict as returned and that no one has been coerced or induced to agree to a verdict to which he does not actually assent. *Humphries* v. *District of Columbia,* 174 *U. S.* 190; 43 *L. Ed.* 944. 27 *R. C. L.* 838, states the subject in this wise: "Examining the jury by the poll is the most generally recognized means of ascertaining whether they are unanimous in their decision. In no other way can the rights of the parties to the concurrence of the jurors be so effectually

secured as to have each juror answer the question, 'is this your verdict?' in the presence of a court and counsel. By this means it can be ascertained for a certainty that no one has been coerced or induced to agree to a verdict to which he does not fully assent." 64 *C. J.* 1059, being section 861 under the title "Trial," puts it thus: "Polling the jury is a practice whereby the jurors are asked individually whether they assented and still assent to the verdict. To poll a jury is to call the names of the persons who compose a jury and require each juror to declare what his verdict is before it is recorded. The object of polling a jury is to give each juror an opportunity to declare his present judgment in open court." In *State Life Insurance Co.* v. *Postal* (*Ind.*), 84 *N. E. Rep.* 156, the stating of the verdict as announced by the foreman followed by the question, "is this your verdict?" placed to the individual jurors was approved. We conclude that the manner of conducting the poll at the trial of the instant case was not out of line with the practice and, further, that no harm came to the defendant. It is not intimated that the jury did not in fact agree, all of them, upon the verdict as announced.

The judgment below should be affirmed.