Hudson County Circuit Court.

PETER FRANCILLO, ADMINISTRATOR AD PROSEQUEN-
DUM OF THE ESTATE OF CARMELLA FRANCILLO,
DECEASED, PLAINTIFF, v. ALFRED LATOUR AND NEW
SUPERIOR LAUNDRY, A CORPORATION OF THE STATE
OF NEW JERSEY, DEFENDANTS.

Decided November 20, 1935.

For the plaintiff, *Nathan Baker*.

For the defendants, *McCarter & English* (by *Richard J. Congleton*).

BROWN, C. C. J. This case is before the court on a rule to show cause obtained by the plaintiff to set aside the verdict of a jury on the ground that the clerk of the court failed to poll the jury when they returned their verdict. The case was brought under the Death act to recover for pecuniary injuries alleged to have been caused through the negligence of the defendants in the operation of an automobile. The case was tried before a jury and their verdict of "no cause of action" was returned without the presence of the trial judge. The court remaining open for the purpose of the verdict being taken by the clerk. There appears no disputed question of fact as to what occurred when the jury returned with their verdict. A reference to the depositions taken and used on the argument of the rule discloses that Frank Romano was the attorney of record in the above entitled cause as well as a case that was immediately tried thereafter. Mr. Romano, though attorney of record in both cases, did not act as trial attorney in the Francillo case but delegated that duty to Nathan Baker. Mr. Romano did act as trial attorney in the

case tried immediately after the Francillo case. The jury retired to deliberate in the Francillo case and while they were thus deliberating the trial in the case following was finished and the jury in that case retired to consider their verdict. On leaving the bench at the end of the day the trial judge authorized and directed the clerk to take the verdicts in both cases. The jury in the Francillo case was the first to return with a verdict and the clerk addressed the jury, "gentlemen of the jury have you agreed upon your verdict?" and they replied they had. The clerk then said, "what say you, Mr. Foreman?" who replied, "we find a verdict, no cause of action." The clerk thereupon read back the verdict to the jury by saying, "gentlemen of the jury, you say you find a verdict of no cause of action, and so say you all," and all the jurors replied in the affirmative. Mr. Romano, in the absence of the trial attorney, Nathan Baker, requested the clerk to poll the jury. The clerk ignored the request and he stated in his deposition that he thought Mr. Romano had mistaken the jury in the Francillo case for the jury in the case in which Mr. Romano acted as trial attorney and which jury was at the time deliberating. The request to poll was made to the clerk when the foreman announced the verdict and before the clerk read the verdict back to the jury. There does not appear any decision in the reported cases of New Jersey deciding the precise question presented on the rule in this case. In the case of *Silak* v. *Hudson and Manhattan Railroad Co.,* 114 *N. J. L.* 428; 176 *Atl. Rep.* 674, the court said, "we shall assume that a party in a civil cause is entitled to have the jury polled on the return of the verdict." The ground of the objection in the Silak case was that the clerk polled the jury incorrectly. In *Levine* v. *Goldstein,* 5 *N. J. Mis. R.* 841; 138 *Atl. Rep.* 511, it was held that refusal by a clerk to poll a jury was not error where there was nothing to show that a request had been made. In discussing the question of taking a verdict, the late Chief Justice Gummere in the opinion for the court in *Folkner* v. *Hopkins,* 100 *N. J. L.* 189 (at *p.* 191); 126 *Atl. Rep.* 633, stated, "at common law a verdict could only be rendered in the presence of the court—that is, in the presence of the judge or judges before whom the trial

was had. *Davis* v. *Township of Delaware,* 41 *N. J. L.* 57. This rule of the common law has been modified by section 160 of our Practice act (3 *Comp. Stat., p.* 4103, § 160), which provides that after the jury have gone from the bar to consider their verdict "the court may direct that the verdict be taken by the clerk in open court in the absence of the judge, and may order that the court remain open for that purpose." The power of the clerk under the conditions named is strictly limited by the statute, and that is to take such verdict as the jury shall render, without regard to whether or not it is in accordance with the instructions delivered to that body by the court, and without regard to whether or not the finding can be legally justified. He is not vested by the statute with any judicial power, nor does the order of the court directing him to take the verdict attempt to confer such power upon him." In *Sockolowski* v. *Olkowski,* 102 *N. J. L.* 50; 130 *Atl. Rep.* 514, it is in part stated, "it should be unnecessary to call attention to the fundamental fact that the clerk of a court is at common law a ministerial and not a judicial officer. As such ministerial officer, it was his duty to take the verdict of a jury, but at common law only in the presence of the judge, or to put it in another way, in open court * * *. One important reason for this is that if there be irregularity or inconsistency, or other infirmity in the verdict which is subject to correction, this may be done under the direction of the court itself * * *. There is only one sound rule of conduct for a clerk in a case where he is deputized to take a verdict and some complication has arisen; to receive the verdict as rendered, no matter how wrong it may appear, and let it go at that. As we said in *Folkner* v. *Hopkins, supra,* "it is no concern of his officially, whether the verdict can be upheld or whether or not judgment can be entered upon it." In criminal cases by statute (2 *Comp. Stat.* 1844, § 74a) it is provided, "* * * and on request of the defendant or his counsel or the state the jury may be polled by the clerk or his said representative and the verdict taken as though in open court before the judge or judges." The statute empowering a clerk to take a verdict in the absence of the trial judge in civil cases does not authorize the clerk to poll the jury upon

request as in criminal cases. In civil cases the statute (3 *Comp. Stat., p.* 4103, § 160) provides in part, "* * * and the court may direct that the verdict be taken by the clerk in open court in the absence of the judge and may order that the court remain open for that purpose." The right to have a jury polled is not uniformly established in the courts of the United States and there is a question whether it was a right at common law but rather a matter resting in the discretion of the trial judge. The clerk of the court was without authority to poll the jury in civil cases. In *Grah. & W. New Tr.* (1855 *ed.*) in the note on page 1409, it is stated that "the practice of permitting a jury to be polled, is not uniform throughout the states. That the jury may be-polled, see the following cases: *State* v. *Allen,* 1 *M'Cord* 525; *Martin* v. *Maverick, Id.* 24; *Nomaque* v. *People,* 1 *Bresse* 111; *Jackson* v. *Hawks,* 2 *Wend.* 619; *State* v. *Hardin,* 1 *Bailey* 3; *Sargent* v. *State,* 11 *Ohio* 472. The court does not permit the jury to be polled in Massachusetts, either in civil or criminal cases. *Ropps* v. *Barker,* 4 *Pick.* 239; *Commonwealth* v. *Roby,* 12 *Id.* 496; so in Maine, *Fellowe's Case,* 5 *Greenl.* 333; (1) 3 *Blk. Comm.* 377." The citation of Blackstone's Commentaries is evidently an error as a reference to that authority does not support the proposition stated. After a careful research of common law authorities the most direct reference to the subject of polling a jury was found in the History of the Pleas of the Crown, by Sir Matthew Hale, Knt., first American editor by Stokes and Ingersoll, 1847, volume 2, page 299, wherein it is stated, "now touching the giving up of their verdict, if the jury say they are agreed, the court may examine them by poll, and if in truth they are not agreed, they are finable." It is evident at common law the clerk of the court had no right to poll a jury, it was a matter of discretion vested in the trial judge. At common law a verdict could only be rendered in the presence of the court. *Folkner* v. *Hopkins,* 100 *N. J. L.* (at *p.* 191); 126 *Atl. Rep.* 633. In *Corp. Jur.* (at *p.* 1059), it is stated that the judge may, on request of either party, allow the jury to be polled, whether the verdict is sealed or declared by the foreman, or whether it is special or general, and in these jurisdictions a refusal

by the court to poll the jury on request is error, although the denial of the right has been held not to render the verdict a nullity. 174 *U. S.* 190. In other jurisdictions it is discretionary with the court whether it will poll the jury; but if there is a good reason a request by either party to test the unanimity of the jury by a poll should be allowed. In 27 *R. C. L.* 838, there appears the statement that the authorities are not agreed as to the unqualified right of the parties to poll the jury. In criminal cases it would seem that the right is generally recognized, and in many jurisdictions the right is extended to civil as well as criminal cases. To the same effect is the *Encyclopedia of Pleading and Practice, vol.* 22, *p.* 933, wherein it is stated, "the authorities are not agreed whether the practice of polling a jury is matter of right of the parties to the litigation or whether it is discretionary with the trial court. The weight of authority is probably to the effect that in civil causes the court may, or may not, as it deems to be necessary or desirable, permit the jury to be polled on request of either party, while in criminal cases the defendant may demand a poll as a matter of right." In *Doyle* v. *United States,* 11 *Bliss.* 100; 10 *Fed. Rep.* 269, it was held that the absolute right of either party to poll a jury did not exist at common law; but the exercise of the right was left to the sound discretion of the trial judge. It may be reasonably concluded from the above citations that at common law the judge in his discretion may allow the jury to be polled. In some jurisdictions in the United States the polling of the jury is a matter of right both in civil and criminal cases. In others it is a matter of discretion in all cases and still in others it is a matter of right in criminal cases but not in civil. In this state the practice has prevailed quite uniformly, in civil cases upon request, for the trial judge to allow the jury to be polled. Because of this practice it does not follow that a litigant has a right to a poll being taken by the clerk in the absence of the trial judge. The legislature has not authorized the clerk to do so in civil cases but has in criminal cases. The power of the clerk is strictly limited by the statute. *Folkner* v. *Hopkins, supra.* In the last mentioned case as well as the case of *Sockalowski* v. *Olkowski, supra,* it has clearly been

decided to limit the clerk to the ministerial duty of taking the verdict as rendered and thereby avoid the confusion that often results when the clerk attempts to act in a judicial manner. In the instant case there is no claim made on behalf of the plaintiff, that the jury were not unanimous in their verdict. While the jury were not polled by the clerk the careful manner in which the verdict was taken plainly indicates the jury were unanimous in the verdict rendered. The rule to show cause is discharged.