PETER FRANCILLO, ADMINISTRATOR AD PROSEQUEN-
DUM OF THE ESTATE OF CARMELLA FRANCILLO, DE-
CEASED, PLAINTIFF-APPELLANT, v. ALFRED LATOUR
AND NEW SUPERIOR LAUNDRY, A CORPORATION OF
THE STATE OF NEW JERSEY, DEFENDANTS-RESPOND-
ENTS.

Argued February 11, 1936—Decided May 14, 1936.

For the appellant, *Frank Romano* (*Nathan Baker,* of
counsel).

For the respondents, *McCarter & English* (*Gerald
McLaughlin* and *Richard J. Congleton,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The primary question involved in this appeal,
concerns the right of either party (here the plaintiff), in a
civil cause, to poll the jury upon the return of its verdict.

The facts are not in dispute. They are stated, in the comprehensive and well considered memorandum of the learned trial judge, as follows:

"* * * Frank Romano was the attorney of record in the above entitled cause as well as a case that was immediately tried thereafter. Mr. Romano, although attorney of record in both cases, did not 'act as trial attorney in the Francillo case but delegated that duty to Nathan Baker. Mr. Romano did act as trial attorney in the case tried immediately after the Francillo case. The jury retired to deliberate in the Francillo case, and while they were thus deliberating the trial in the case following was finished and the jury in that case retired to consider their verdict. On leaving the bench at the end of the day the trial judge authorized and directed the clerk to take the verdicts in both cases. The jury in the Francillo case was the first to return with a verdict and the clerk addressed the jury, 'gentlemen of the jury, have you agreed upon your verdict?' and they replied they had. The clerk then said, 'what say you, Mr. Foreman?' who replied, 'we find a verdict, no cause of action.' The clerk thereupon read back the verdict to the jury by saying, 'gentlemen of the jury, you say you find a verdict of no cause of action, and so say you all?' Mr. Romano, in the absence of the trial attorney, Nathan Baker, requested the clerk to poll the jury. The clerk ignored the request and he stated in his deposition that he thought Mr. Romano had mistaken the jury in the Francillo case for the jury in the case which Mr. Romano acted as trial attorney and which jury was at the time deliberating. The request to poll was made to the clerk when the foreman announced the verdict and before the clerk read the verdict back to the jury. * * *"

There is no statute law on the subject, except in criminal cases where there is a provision concerning the right to poll the jury. 2 *Comp. Stat.* 1709-1910; Criminal Procedure act, *p.* 1844, § 74A. Nor has this court heretofore decided the question.

In *Levine* v. *Goldstein* (*Supreme Court,* 1927), 5 *N. J. Mis. R.* 841; 138 *Atl. Rep.* 511, there was nothing to show

that a request to poll the jury was made, and it was, therefore, held that the refusal of the clerk to poll the jury was free from error.

In *Silak* v. *Hudson and Manhattan Railroad Co.*, 114 *N. J. L.* 428; 176 *Atl. Rep.* 674; affirmed, 115 *N. J. L.* 504; 181 *Atl. Rep.* 68 (1935), it was "assumed that the party in a civil suit is entitled to have the jury polled on the return of the verdict," and on that assumption it was held "that when each juror was asked do you find in favor of Mrs. Silak in the sum of five hundred dollars and against the Hudson Manhattan Railroad Company?" to which each juror in turn answered, "yes," it was "not out of line with the practice and, further, that no harm came to the defendant."

The decisions of the courts of our sister states disclose that there is no uniformity of procedure on the practice of polling the jury. It will serve no useful purpose to collate them. Suffice it to mark the fact that there are those which hold that either party has an absolute right to have the jury polled on the rendering of their verdict whether sealed or oral at any time before it is recorded, unless the right has been expressly waived; while there are others which hold that it is not a matter of right but one which rests in the sound discretion of the court. See *Abbotts' Civil Jury Trials* (1935) 906, 908, and cases cited; compare 64 *C. J.* 1059, §§ 861, *et seq.*; 27 *R. C. L.* 838 ¶¶ 6, *et seq.*

In the case of *Humphries* v. *District of Columbia*, 174 *U. S.* 190; 43 *L. Ed.* 944, 945, the United States Supreme Court held it may be conceded that generally the right to poll a jury exists. "Its object is to ascertain for a certainty that each of the jurors approves of the verdict as returned; that no one has been coerced or induced to sign a verdict to which he does not fully assent. It is not a matter which is vital, *is frequently not required by litigants; and while it is an undoubted right of either it is not that which must be found in the proceedings in order to make a valid verdict."* And the denial of the right to poll was held not to render the verdict a nullity. (Italics ours.)

The common law does not shed much light on the subject. In 2 *Hale P. C.* (1778), 299, appears the. following:

"Now, touching the giving up of their verdict, if the jury say they are agreed, *the court may examine them by poll,* and if in truth they are not agreed, they are fineable."

It would, therefore, appear the right to poll the jury, at common law, was one of discretion resting in the trial judge alone. What is the practice on the polling of the jury in our state?

The learned trial judge, who presides at the trial of many cases, says that "in this state the practice has prevailed quite uniformly in civil cases, upon requests, for the trial judge to allow the jury to be polled." Our experience confirms that statement.

We are, therefore, of the opinion that greater good is likely to result from upholding the right to have the jury examined by the poll, in a civil cause, upon request of either party, than from denying it. We so hold.

Our difficulty, however, under the proof of this particular case, is that the application was not made to the judge who tried the case. True, he was not present when the jury returned its verdict, but that is beside the point. The application to poll the jury here was made to the clerk and he was without authority to act in the premises.

It is well settled that at common law a verdict could only be rendered in the presence of the court, that is, in the presence of the judge or judges before whom the trial was had. *Davis* v. *Township of Delaware* (*Supreme Court,* 1879), 41 *N. J. L.* 55; but, as pointed out in *Folkner* v. *Hopkins* (*Supreme Court,* 1924), 100 *N. J. L.* 189, 191; 126 *Atl. Rep.* 633, "this rule of common law has been modified by section 160 of our Practice act (*Comp. Stat., p.* 4103), which provides that:

"* * * After the jury have gone from the bar to consider their verdict 'the court may direct that the verdict be taken by the clerk in open court in the absence of the judge, and may order that the court remain open for that purpose.' "

The clerk, however, at common law and under our deci-

sions, is held to be purely a ministerial and not a judicial officer. *Sockolowski* v. *Olkowski* (*Supreme Court*, 1925), 102 *N. J. L.* 50; 130 *Atl. Rep.* 514. He must take the verdict as rendered by the jury and upon so doing his official duty is ended. He is without power to poll the jury. Compare, *Folkner* v. *Hopkins, supra.*

Notwithstanding his lack of authority, the clerk did, in fact, poll the jury. It was not in strict accord with the prevailing practice; it did, however, no serious violence thereto. No suggestion is made that the verdict was irregular, or that it was invalid. No substantial rights, therefore, of appellant were injuriously affected.

We have carefully considered all other points raised and argued and find them to be without merit.

Judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.