SOMERSET COUNTY COURT OF QUARTER SESSIONS.

STATE OF NEW JERSEY v. MICHAEL BLISAK, DEFENDANT.

Decided April 14, 1948.

For the motion, *Samuel Chiaravalli (J. Berkeley Leahy,* of counsel).

For the state, *T. Girard Wharton,* Prosecutor of the Pleas, and *Leon Gerofsky,* Assistant Prosecutor of the Pleas.

SMITH, ARTHUR B., C. P. J. The trial of the indictment against the above named defendant took place on February 10th, 11th and 12th, 1948. The indictment charged him with an assault with an offensive weapon with intent to rob one Bernard Fricke (*R. S.* 2:110-2 and 3; *N. J. S. A.* 2:110-2 and 3).

After the court had instructed the jury, the court, pursuant to the provisions of *R. S.* 2:190-14; *N. J. S. A.* 2:190-14, directed the verdict of the jury to be taken by the clerk in the absence of the judge and ordered that the court remain open for that purpose. Subsequently, in the absence of the judge, the jury returned into court and rendered their verdict to the clerk. The jury found the defendant guilty.

On February 17th, 1948, the defendant moved to arrest judgment, the motion being "based on what transpired at the trial, or rather, at the expiration of the trial," contending that associate counsel, J. Berkeley Leahy, had requested the clerk "to poll the jury when the verdict was rendered" and that the clerk had refused this request asserting that he believed he did not possess the authority to do so and that only the court itself could poll the jury. The defendant contends that this refusal on the part of the clerk was prejudicial error and such a violation of the rights of the defendant as to require the court, on the defendant's motion, to arrest the judgment.

The clerk's belief that he did not possess the authority to poll a jury is not difficult of explanation and understanding. For some reason unknown and which does not appear to be very substantial, there is a difference between civil cases and criminal cases with respect to the right of the clerk to poll a jury. In a civil case "the court may direct that the jury's verdict be taken by the clerk, in open court in the absence of the judge, and may order that the court remain open for that purpose." *R. S.* 2:27-236; *N. J. S. A.* 2:27-236. This section of the statutes is silent respecting the polling of the jury by the clerk. However, in a criminal case the statute not only provides that the court "may direct the verdict of the jury to be taken by the clerk or his representative in open court, in the absence of the judge or judges of the court, and

the judge may order that the court remain open for that purpose," but further provides that "On the request of the defendant or his counsel, or the state, the jury may be polled by the clerk or his said representative, and the verdict taken as though in open court before the judge or judges." *R. S.* 2:190–14; *N. J. S. A.* 2:190–14. This distinction between civil and criminal cases with respect to the right of the clerk to poll the jury was recognized by our Court of Errors and Appeals in *Francillo* v. *Latour,* 116 *N. J. L.* 423; 184 *Atl. Rep.* 820, wherein it was held that the clerk has no authority to poll a jury in a civil case. It is quite apparent that under the circumstances prescribed in *R. S.* 2:190–14; *N. J. S. A.* 2:190–14, the clerk may in any criminal case, except in a capital case, not only take the verdict, but, upon a proper request therefor, may also poll the jury.

An examination of the pertinent authorities indicates that there is some division of thought by the courts as to whether the polling of the jury is the absolute right of a litigant. 16 *C. J., tit. "Criminal Law,"* 1098, ¶ 2576; 23 *C. J. S., Criminal Law,* 1070, § 1392a. However, it is not deemed necessary to decide that question in this case. Whether a litigant in any case is entitled to have a jury polled seems to be dependent upon the making of a proper request therefor at a proper time in the proceedings. "The jury may be polled after the verdict is given and before it is filed; and a motion or request to poll should be made as soon as the verdict is announced; it comes too late if made after the verdict is announced and recorded, * * * It has been held that, where the judge erroneously permits the jury to be polled, although such permission should have been refused because it was not asked within the proper time, and one or more of the jurors dissents from the verdict, the verdict is not thereby vitiated." 16 *C. J., tit. "Criminal Law,"* 1098, ¶ 2577. See, also, 64 *C. J., tit. "Trial,"* 1060, ¶ 863; 23 *C. J. S., Criminal Law,* 1071, § 1392b. "Failure to make a demand for a poll of the jury before the verdict has been recorded may constitute a waiver of the right." 14 *Am. Jur., tit. "Criminal Law,"* 916, ¶ 213. "However, a request to have the jury polled before the verdict is rendered is premature and prop-

erly denied." 53 *Am. Jur., tit.* "*Trial,*" 704, ¶ 1017; 27 *R. C. L.,* 839, ¶ 8.

In the case of *Commonwealth* v. *Schmous,* 162 *Pa.* 326; 29 *Atl. Rep.* 644, it was held that a request to poll the jury comes too late after a verdict has been announced, recorded and affirmatively responded to by the entire jury and that where pursuant to a request thereafter received the jury is erroneously polled, the separate answers given by the jurors, if not in harmony with such verdict, may be treated as surplusage. In the last cited case the defendant was convicted of murder in the first degree. His motion in arrest of judgment was overruled and an appeal was taken. Mr. Chief Justice Sterrett, writing for the Supreme Court of Pennsylvania, said in part: "What actually occurred at the time is concisely and chronologically stated by the learned trial judge in his opinion overruling the motion in arrest of judgment, thus: 'The jury having been brought into court, the prisoner, being in the dock, was directed to stand up, and the jury was then directed to look upon the prisoner. The clerk, addressing the jury, said: "Gentlemen of the jury, have you agreed upon your verdict?" To which each answered, "We have." "Who shall answer for you?" To which each answered, "Our foreman." The clerk then said: "In this issue joined between the Commonwealth and George Schmous, the prisoner at the bar, how say you? Is he guilty of the felony wherewith he stands charged, or not guilty?" To which the foreman answers, "We find him guilty of murder in the first degree." The clerk then handed the indictment to the court, made the entry on the minutes, and then said to the jury: "Harken to your verdict as the court has recorded it. In this issue joined between the Commonwealth and George Schmous, the prisoner at the bar, you say you find him guilty of murder of the first degree, and so say you all." To which each answered, "We do." After this was done, counsel for defendant asked a poll of the jury, which being granted, the clerk again put to each juror, separately, the question: "In this issue joined between the Commonwealth and George Schmous, the prisoner at the bar, how say you? Is he guilty of the felony wherewith he stands

charged, or not guilty?" To which each answered "Guilty." No objection was made to the answer by anyone. Counsel for defendant claims that the verdict of murder in the first degree, as so rendered and recorded, was nullified by the failure of each juror to specify the degree in his answer upon the polling.' According to the well settled practice in the Oyer and Terminer, the request to poll the jury came too late, and should have been denied. The verdict, in due form, had already been not only announced, but recorded, and affirmatively responded to by the entire jury. The separate answers, given after all that was done, if not in harmony with the previously recorded verdict, may be treated as mere surplusage. * * * There is nothing in the alleged error that would warrant a reversal of the judgment."

The defendant in arguing the motion to arrest judgment placed substantial reliance upon the decision of the Superior Court of Pennsylvania in the case of *Commonwealth* v. *Lemley,* 158 *Pa. Super.* 125; 44 *Atl. Rep.* (2d) 317, as establishing the defendant's right to have the jury polled. However, as previously indicated, it is not deemed essential to the defendant's motion to decide whether he has an absolute right to the polling of the jury. In the case relied upon by the defendant, while the court indicated that it was a defendant's right to have a jury polled, the court plainly recognized that the exercise of the right was dependent upon a proper request being made before the recording of the jury's verdict. In that case it appeared that a request to poll the jury had been made immediately after the first announcement of the jury's verdict and before the recording thereof.

In the case of *Roltmund* v. *Pennsylvania Railroad Co.,* 225 *Pa.* 410; 74 *Atl. Rep.* 341, it was held that a motion to poll the jury comes too late after the verdict has been announced, affirmed by the jury collectively and recorded in the minutes. In *Eastley* v. *Glenn,* 313 *Pa.* 130; 169 *Atl. Rep.* 433, it was held that after a verdict is recorded, the jury may not vary from it. See, also, *Scott* v. *Scott,* 110 *Pa.* 387, 390; 2 *Atl. Rep.* 531, 532.

In *Hommer* v. *Slate,* 85 *Md.* 562; 37 *Atl. Rep.* 26, it was held that the right of a defendant on trial for murder to a

poll of the jury is waived if no demand therefor is made before the verdict is recorded. In that case the defendant had been convicted of murder and the question under consideration related to the defendant's right to a poll of the jury. The court said in part: "We have no doubt as to the question in this case, and are of the opinion that the ruling of the court below was correct. * * * In *Ford* v. *State*, 12 *Md.* 514, it is said 'that when the jury be asked if they have agreed on their verdict, and they respond that they have, and that their foreman shall say for them, and the foreman, speaking for the whole panel, find a proper verdict, and the same be recorded, the whole panel being called upon to hearken to it as the court has recorded it, and no objection being made, either by any of the jury or the counsel for the state or prisoner, then such proper verdict, as given through the foreman, is the verdict of the whole panel, and it is too late, after the record of it, under such circumstances, for any of them to alter or amend it. It is then too late to poll the panel.' While it is true that a prisoner is entitled, as a matter of right, to a poll of the jury, yet it is a right that can be waived; and a failure to make the demand at the proper time—that is, before the verdict has been recorded—is equivalent to a waiver. This has been the uniform practice in the courts of the state, and it is supported by both reason and authority."

Counsel have cited no decisions by the courts of this state, and none has been found bearing upon the question now under consideration. *State* v. *Simon*, 101 *N. J. L.* 11; 127 *Atl. Rep.* 570, cited by the defendant is not helpful. It suggests only that the defendant has the right to have the jury polled, but does not decide nor discuss the timely making of a motion or request in order to preserve and exercise such right. The same applies to *Francillo* v. *Latour, supra,* also cited by the defendant. This court, therefore, is free to, and does adopt the authorities hereinbefore cited as setting forth the correct rule relating to the question under consideration. Although they may not be regarded as authorities on the subject, it is interesting to note that O'Regan and Schlosser in their book "New Jersey Criminal Practice and Procedure,"

at page 271, paragraph 355, after citing *R. S.* 2:190–14; *N. J. S. A.* 2:190–14, state: "In either case a request must be made for such poll. The request is to be made before the jurors have assented to the verdict on the clerk's inquiry of them and the verdict has been actually accepted and recorded."

It becomes important to determine at what point in the proceedings the verdict shall be deemed to have been announced and recorded, and after which it will be too late to request a polling of the jury. It has been said that such a request "should be made as soon as the verdict is announced; it comes too late after the verdict has been announced and recorded." 16 *C. J.*, 1098; 23 *C. J. S., Criminal Law*, § 1392b. In *Commonwealth* v. *Schmous, supra,* and *Hommer* v. *State, supra,* it is indicated that some act between the announcement of the verdict by the foreman and the subsequent response by the entire jury constitutes the recording of the verdict. That act appears to be the entry of the verdict, as announced by the foreman, upon the minutes by the clerk. To what act could the phrase "recording of the verdict" possibly refer if not to the writing down thereof, in the minutes of the trial, by the clerk. No other recording of the verdict is made at that time. Certainly it could not reasonably be thought to refer to the act of the clerk at some later, indefinite date, possibly long after the trial, when the clerk shall copy his trial minutes into more permanent record books. The jury would then have long since disbanded. They could not be recalled to be polled. It seems quite obvious that the recording of the verdict referred to in the rule under consideration is that physical act of the clerk in writing down in his trial minutes the verdict of the jury as announced by the foreman, immediately following his announcement and prior to the affirmation thereof by the jury collectively. The following quotation by O'Regan and Schlosser at page 269 of their book "New Jersey Criminal Practice and Procedure," from 1 *Chitty's Criminal Law*, 635, 636, also appears to support this conclusion. After indicating that the foreman of the jury announces the verdict he continues: "The officer then writes the word 'guilty' or 'not guilty,' as the verdict is, after the words 'po. se.' on the record and again addresses

the jury, 'Hearken to your verdict as the court hath recorded. it;' * * *."

The testimony of three witnesses was taken on the motion to arrest judgment. The clerk testified that as he was coming through the rotunda on the way from his office to the court room to receive the jury's verdict, he met Mr. Leahy, associate counsel for the defendant, who said to him, "I am going to ask you to poll the jury," and that he replied that he "didn't have the authority to do it." Any request at this time to poll the jury was most certainly premature. 53 *Am. Jur.* 704; 27 *R. C. L.* 839. The clerk then proceeded to his desk in the court room. Shortly thereafter the jury came in, the roll was called and they were asked by the clerk whether they had agreed on their verdict. In unison they replied they had and, in response to the clerk's inquiry, that their foreman should speak for them. The foreman, being asked by the clerk whether the jury found the defendant guilty or not guilty, replied "We find the defendant guilty as charged." Then "after recording the verdict," the clerk again addressed the entire jury as follows: "Ladies and gentlemen of the jury, harken to your verdict as the court has ordered it recorded: You say you find the defendant guilty as charged and so say you all?" The jury "gave their unanimous assent." Mr. Leahy then requested that the jury be polled. Mr. Leahy was sworn as a witness in support of the motion to arrest judgment, as was also the sheriff. Mr. Leahy's testimony was indefinite and uncertain as to when he did request the clerk to poll the jury. He frankly admitted he couldn't honestly say whether his request was before or after the jury had assented to the verdict as announced by the foreman. The testimony of the sheriff is as indefinite and uncertain as that of Mr. Leahy as to when Mr. Leahy requested the clerk to poll the jury.

I am constrained, therefore, to rely upon the testimony of the clerk which is to the effect that the request to poll the jury was not made until after the verdict of the jury had been announced and recorded and affirmatively responded to by the entire jury. The request, therefore, came too late and should have been refused by the clerk even if he had been

aware of his statutory right to poll the jury upon a proper and timely request. Finding that the request was not timely and should, therefore, have been refused by the clerk, it necessarily follows that the clerk's refusal to poll the jury, although based upon faulty reasoning, did not violate any of the defendant's rights and affords no support for the defendant's motion to arrest judgment. The motion must, therefore, be denied.

It is urged on behalf of the state that the defendant's motion should be denied for the further reason that the alleged error of which the defendant complains, is not one appearing on "the record" and, therefore, even if the error in fact existed, could not be taken advantage of on a motion in arrest of judgment. The cases of *State* v. *Crusius,* 57 *N. J. L.* 279; 31 *Atl. Rep.* 235; *State* v. *Bove,* 98 *N. J. L.* 350; 116 *Atl. Rep.* 766; *affirmed,* 98 *N. J. L.* 576; 119 *Atl. Rep.* 926, and *State* v. *Landecker,* 100 *N. J. L.* 195; 126 *Atl. Rep.* 408, cited on behalf of the state appear to support this contention. In *Van Demark* v. *Sartorius,* 122 *N. J. L.* 503; 7 *Atl. Rep.* (2d) 168, the judge had withdrawn, and the return of the jury was under the supervision of the deputy clerk who, on request, polled the jury. The proceedings incident to the rendition of the verdicts were shown by extrinsic proofs, namely, by the minutes of the trial proved by the person who had been deputized by the county clerk to take them. The Supreme Court, speaking through Mr. Justice Case, said, 122 *N. J. L.* (at *p.* 504); 7 *Atl. Rep.* (2d) (at *p.* 169): "It may here be noted that the minutes so taken and proved are not a part of the record." And, 122 *N. J. L.* (at *p.* 505); 7 *Atl. Rep.* (2d) (at *p.* 170): "The motion was, in effect, if not in precise words, a motion in arrest of judgment. If it is to be treated as such, it must be predicated on an intrinsic cause appearing on the face of the record. *Paradise* v. *Great Eastern Stages, Inc.,* 114 *N. J. L.* 365; 176 *Atl. Rep.* 711. * * * If, in these cases, a deputy clerk had the authority—and this is conceded—to take the verdicts but had, as we are obliged to find, no authority to poll the jury, then it follows that what he did with respect to the poll is, regardless of the manner in which it is

proved, not a part of the verdicts and ought not to be, as in fact it is not, a part of the record.

"Therefore, if defendant's motion, renewed before us, is to be accorded the status of a motion in arrest of judgment, it must be denied, because the alleged fault upon which it depends does not appear on the face of the record. * * *."

Since a motion in arrest of judgment may be addressed only to errors appearing on "the record" and the alleged error of which the defendant complains is not a part of the record, the defendant's motion must also be denied for this reason.